

## NUMBER 13-10-00036-CR

## COURT OF APPEALS

## THIRTEENTH DISTRICT OF TEXAS

## CORPUS CHRISTI - EDINBURG

ESPERANZA CASIANO,                                                            Appellant,

v.

THE STATE OF TEXAS,                                                          Appellee.

### On appeal from the 319th District Court
### of Nueces County, Texas.

## MEMORANDUM OPINION

**Before Justices Garza, Benavides, and Vela**
**Memorandum Opinion by Justice Benavides**

Appellant, Esperanza Casiano, appeals from her conviction for prostitution, which

was enhanced to a second-degree felony under the habitual felony offender statute.

*See* TEX. PENAL CODE ANN. § 43.02(c) (Vernon Supp. 2010) (making prostitution a state

jail felony if the State proves that the defendant has been convicted of prostitution three

or more times); *id.* § 12.42 (Vernon Supp. 2010) (elevating a state jail felony to a second-degree felony if the State proves that the defendant "has previously been finally convicted of two felonies, and the second previous felony conviction is for an offense that occurred subsequent to the first previous conviction having become final"). Appellant pleaded guilty to prostitution and true to the enhancement paragraphs in the indictment, without a plea bargain from the State. The State introduced evidence of appellant's criminal record and the stipulations signed by appellant. Appellant testified during the punishment phase that she had a drug problem and engaged in prostitution to support it, and requested community supervision and drug rehabilitation. The trial court accepted the plea, found appellant guilty and that the enhancements were true, and sentenced appellant to ten years' imprisonment. *See* TEX. PENAL CODE ANN. § 12.33(a) (Vernon Supp. 2010) (setting the punishment range for a second-degree felony as not less than two nor more than twenty years).

Concluding that there are "no arguable grounds for reversal," appellant's court-appointed counsel filed an *Anders* brief in which he reviewed the merits, or lack thereof, of the appeal. We affirm the trial court's judgment.

## I. COMPLIANCE WITH *ANDERS*

Pursuant to *Anders v. California*, 386 U.S. 738, 744 (1967), appellant's court-appointed appellate counsel has filed a brief in this case, stating that he could find no meritorious issues to bring forward for review. Counsel's brief discusses relevant portions of the record and the applicable law. *See In re Schulman*, 252 S.W.3d 403, 407 n.9 (Tex. Crim. App. 2008) (orig. proceeding) ("In Texas, an *Anders* brief need not specifically advance 'arguable' points of error if counsel finds none, but it must provide

2

record references to the facts and procedural history and set out pertinent legal authorities.") (citing *Hawkins v. State*, 112 S.W.3d 340, 343-44 (Tex. App.–Corpus Christi 2003, no pet.)); *Stafford v. State*, 813 S.W.2d 503, 510 n.3 (Tex. Crim. App. 1991) (en banc).

In compliance with *High v. State*, 573 S.W.2d 807, 813 (Tex. Crim. App. [Panel Op.] 1978), appellant's counsel has carefully discussed why, under controlling authority, there is no error in the trial court's judgment. Counsel certified to this Court that he forwarded a copy of his motion to withdraw and its supporting brief to appellant with a letter advising her of her right to review the record and to file a pro se response.[1] *See Anders*, 386 U.S. at 744; *Stafford*, 813 S.W.2d at 510 n. 3; *see also In re Schulman*, 252 S.W.3d at 409 n. 23. More than an adequate time has passed, and appellant has not filed a pro se response.

## II. INDEPENDENT REVIEW

Upon receiving an *Anders* brief, this Court must conduct a full examination of all the proceedings to determine whether the cases are wholly frivolous. *Penson v. Ohio*, 488 U.S. 75, 80 (1988). We have reviewed the entire record in this case and counsel's brief, and we have found nothing that would arguably support an appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 826-28 (Tex. Crim. App. 2005) ("Due to the nature of *Anders* briefs, by indicating in the opinion that it considered the issues raised in the briefs and reviewed the record for reversible error but found none, the court of appeals met the requirement of Texas Rule of Appellate Procedure 47.1."); *Stafford*, 813 S.W.2d at 509.

---

[1] The Texas Court of Criminal Appeals has held that the pro se response need not comply with the rules of appellate procedure in order to be considered. Rather, the response should identify for the court those issues that the indigent appellant believes the court should consider in deciding whether the case presents any meritorious issues. *In re Schulman*, 252 S.W.3d 403, 409 n.23 (Tex. Crim. App. 2008) (orig. proceeding) (quoting *Wilson v. State*, 955 S.W.2d 693, 696-97 (Tex. App.–Waco 1997, no pet.)).

3

Accordingly, we affirm the judgment of the trial court.

### III. MOTION TO WITHDRAW

In accordance with *Anders*, appellant's attorney has asked this Court for permission to withdraw as counsel for appellant.   *See Anders*, 386 U.S. at 744; *see also In re Schulman*, 252 S.W.3d at 408 n.17 (citing *Jeffery v. State*, 903 S.W.2d 776, 779-80 (Tex. App.–Dallas 1995, no pet.) ("If an attorney believes the appeal is frivolous, he must withdraw from representing the appellant.   To withdraw from representation, the appointed attorney must file a motion to withdraw accompanied by a brief showing the appellate court that the appeal is frivolous.") (citations omitted)).   We grant counsel's motion to withdraw.   Within five days of the date of this Court's opinion, counsel is ordered to send a copy of the opinion and the judgment to appellant and to advise appellant of her right to file a petition for discretionary review.[2]   *See* TEX. R. APP. P. 48.4; *see also In re Schulman*, 252 S.W.3d at 412 n.35; *Ex parte Owens*, 206 S.W.3d 670, 673 (Tex. Crim. App. 2006).

_____
GINA M. BENAVIDES,
Justice

Do not publish.
TEX. R. APP. P.47.2(b).

Delivered and filed the
13th day of January, 2011.

---

[2] No substitute counsel will be appointed.   Should appellant wish to seek further review of this case by the Texas Court of Criminal Appeals, she must either retain an attorney to file a petition for discretionary review or file a pro se petition for discretionary review.   Any petition for discretionary review must be filed within thirty days from the date of either this opinion or the last timely motion for rehearing that was overruled by this Court.   *See* TEX. R. APP. P. 68.2.   Any petition for discretionary review must be filed with this Court, after which it will be forwarded to the Texas Court of Criminal Appeals. *See* TEX. R. APP. P. 68.3; 68.7.   Any petition for discretionary review should comply with the requirements of rule 68.4 of the Texas Rules of Appellate Procedure.   *See* TEX. R. APP. P. 68.4.